[Cite as *State v. Frett*, 2012-Ohio-3363.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97538

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DEMETRIOUS A. FRETT

DEFENDANT-APPELLANT

## JUDGMENT:
### CONVICTION AFFIRMED,
### SENTENCE MODIFIED, REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-544745 and CR-552762

**BEFORE:** S. Gallagher, J., Cooney, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** July 26, 2012

**ATTORNEY FOR APPELLANT**

Almeta A. Johnson
16000 Terrace Road
Suite 1102
East Cleveland, OH   44112


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:   James M. Price
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Demetrious Frett appeals his conviction and sentence entered after a guilty plea in Cuyahoga C.P. Nos. CR-552762 and CR-544745. For the following reasons, we affirm his conviction but modify the sentence.

{¶2} Frett pleaded guilty in CR-552762, to one count of rape in violation of R.C. 2907.02(A)(1)(b) with the sexually violent predator specification deleted and, in CR-544745, to two counts of rape in violation of R.C. 2907.02(A)(1)(b) and two counts of abduction in violation of R.C. 2905.02(A)(2) with sexual motivation specifications pursuant to R.C. 2941.147. The former case involved a victim under the age of 13 who ultimately gave birth to Frett's child when the victim was 14 years old. The latter case involved two minors under the age of 13 during the entire period alleged in the indictment. Pursuant to the terms of the plea deal, the state nolled the remaining 35 various counts in the two cases and dismissed all claims in Cuyahoga C.P. No. CR-543131. Frett pleaded guilty to sexually assaulting three girls, all under the age of 13 at the time, who were living in his household between April 10, 2006 and December 13, 2010. The trial court merged the abduction with the corresponding rape counts as allied offenses prior to sentencing Frett to 11 years on each rape count, to be served consecutively. Frett timely appealed his conviction, raising five assignments of error, which will be combined or reordered for simplicity.

**{¶3}** In his first assignment of error, Frett claims that the trial court erred in denying his oral motion to replace his appointed counsel, raised on the morning of trial. Frett argues that a court must invoke its discretion to replace appointed counsel considering the nature of the charges he faced. Frett's argument is without merit.

**{¶4}** Frett pleaded guilty prior to empaneling the jury for trial. "'[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.'" *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). When a criminal defendant admits to the facts contained in the indictment, all independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea are thereby waived. *Id.* This waiver includes any right to challenge defects in the indictment. *State v. Martin*, 8th Dist. No. 95281, 2011-Ohio-222, ¶ 20. The defendant's only recourse, with regard to nonjurisdictional defects, is to raise an issue with the voluntary and intelligent character of the guilty plea or with the effectiveness of his trial counsel for rendering advice pertaining to the plea. *Spates*; *see also State v. Alexander*, 10th Dist. Nos. 05AP-192 and 05AP-245, 2006-Ohio-1298, ¶ 12-13 (the defendant, by pleading guilty to the charges, waived any nonjurisdictional error committed in the course of the proceedings to that point, including any error with respect to the court's failure to appoint new counsel).

**{¶5}** In this case, Frett orally moved to replace his appointed counsel on the first day of trial. Although Frett claimed he sent a letter to the trial court with this request

two weeks prior to that day, the docket reflects that no motion was filed nor was any letter received by the court. Frett pleaded guilty after the court denied his oral motion for the appointment of new counsel and prior to beginning the voir dire of the jury. Frett, therefore, waived any error with respect to the court's decision regarding the appointment of new counsel, and his first assignment of error is overruled.

{¶6} Frett argues, in his fifth assignment of error, that his attorney was ineffective for failing to recognize the inconsistency in Frett's guilty plea to raping a child under the age of 13 when, according to him, the most compelling evidence was the fact that the victim gave birth to Frett's child when she was 14 years old and that the date range for the indictment included 10 days when the victim was older than the age of 13. Frett also claims his attorney failed to question Frett's competency to commit a crime in light of his bipolar disorder. Frett's arguments are without merit.

{¶7} In order to substantiate a claim of ineffective assistance of counsel, the appellant must show that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 98, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Judicial scrutiny of defense counsel's performance must be highly deferential. *Strickland* at 2065. In Ohio, there is a presumption that a properly licensed attorney is competent. *State v. Calhoun*, 86 Ohio St.3d 279, 1999-Ohio-102, 714 N.E.2d 905. The defendant

has the burden of proving his counsel rendered ineffective assistance. *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 223.

**{¶8}** Frett is unable to establish that his trial counsel's performance was deficient with respect to his argument that his counsel failed to recognize the fact that the date range on the rape charge in CR-552762 extended into a period when the victim was older than the age of 13 or that the victim gave birth to Frett's child when she was 14 years old. In CR-552762, the state alleged that Frett raped the victim within a range of dates that included ten days after the victim's 13th birthday.

**{¶9}** Frett was charged with raping a victim under the age of 13 in violation of R.C. 2907.02(A)(1)(b). Regardless of the date range provided in the indictment or whether the state's most compelling evidence was the fact that the victim bore Frett's child when she was 14 years old, by pleading guilty to facts in the indictment, Frett admitted to raping the victim when she was under the age of 13. Moreover, the indictment included dates on which the victim was under the age of 13. *See State v. West*, 7th Dist. No. 05 JE 57, 2007-Ohio-5240 (the indictment in a rape case involving a victim under the age of 13 is not invalid for including a range of dates that extends beyond the victim's 13th birthday because the indictment included dates prior to the victim's 13th birthday and specific dates in the indictment are superfluous).

**{¶10}** For the first time on appeal, Frett claims his attorney should have inquired into his competency to commit the crime in light of his bipolar disorder. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the

attention of the court." Crim.R. 52(B). Plain error exists if the outcome of the proceedings would have been otherwise. *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 61.

{¶11} Even if Frett could establish that his counsel's performance was deficient for failing to inquire into the potential for Frett to be deemed incompetent to commit a crime because of his bipolar disorder, Frett has not established that the deficient performance prejudiced the defendant so as to deprive him of a fair trial. Frett's arguments focused on the alleged deficient performance. In Ohio, a defendant is not incompetent based solely on the fact that the defendant has received treatment as a voluntary or involuntary mentally ill patient. R.C. 2947.37(F). The record is devoid of any facts that establish whether Frett was "'unable to distinguish between right and wrong or was unable to control himself to avoid committing the criminal act.'" *State v. Dumas*, 8th Dist. No. 97076, 2012-Ohio-91, ¶ 9, quoting *State v. Hicks*, 10th Dist. No. 82AP-27, 1982 WL 4220, *6 (June 10, 1982). Upon our review of the entire record, we find Frett is unable to demonstrate prejudice. Frett's fifth assignment of error is overruled.

{¶12} Frett's second and third assignments of error challenge whether his guilty plea was made knowingly, voluntarily, or intelligently. Frett claims that the trial court, prosecutor, and even his counsel conspired to induce him into an unfavorable plea deal based on their collective recitation of the law pertaining to the case, and additionally, because the indictment vaguely established the range of dates of the offenses for two of

the three victims, he was unaware of the exact dates for which the state alleged the illegal conduct occurred. Frett's arguments are without merit.

{¶13} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. The standard of review for determining whether a plea was knowing, intelligent, and voluntary within the meaning of Crim.R. 11 for nonconstitutional issues is substantial compliance, and strict compliance for constitutional issues. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977). "A plea is in substantial compliance with Crim.R. 11 when it can be inferred from the totality of the circumstances that the defendant understands the charges against him." *State v. Walker*, 8th Dist. No. 65794, 1994 WL 530892 (Sept. 29, 1994). Furthermore, a defendant must show a prejudicial effect. *Stewart* at 93.

{¶14} Frett knowingly and intelligently pleaded guilty to the three rape and two abduction charges. The court detailed Frett's rights to a jury trial, to be represented by counsel, to cross-examine the state's witnesses at trial, and to subpoena witnesses to testify on his behalf. He acknowledged that the state had to prove his guilt beyond a reasonable doubt and that by pleading guilty, he was admitting to the facts of the indictment and providing a complete admission of guilt to the crimes as charged. The trial court also notified Frett that his guilty plea waived the right to a trial and would allow the court to proceed to sentencing. The trial court then stated the potential

penalties for the crimes to which Frett was pleading guilty, and he acknowledged the penalties and that the plea was not the result of other promises, threats, or inducements. Finally, the trial court explained the potential for the sentences to be served consecutively. In short, the trial court conducted a thorough plea colloquy at which Frett acknowledged his rights and understanding of the ramifications of the guilty plea.

{¶15} Despite the thorough colloquy, Frett claims that the trial court erred by scaring him into pleading guilty based on the court's recitation, prior to his plea, of potential penalties he faced for the 40 counts in both cases. Frett, however, does not claim that the trial court, or anyone else for that matter, misstated any of the potential sentences under the crimes as indicted. *See State v. Cochran*, 8th Dist. Nos. 91768, 91826, and 92171, 2009-Ohio-1693 (defendant's trial counsel did not "scare" him into pleading by correctly stating the black letter law). In fact, during the plea colloquy Frett specifically confirmed that no one, including the prosecutor, his attorney, or the trial court, made any promises, threats, or other inducements to get him to change his plea, and a review of the statements made by the trial court, prosecutor, and defense counsel reveal that the potential penalties Frett faced on all crimes charged in the indictments were accurately portrayed.

{¶16} Frett also claims that the vagueness of the dates of the offenses in the indictment meant his plea was involuntarily entered or that his trial counsel was ineffective for failing to challenge the sufficiency of the indictment and bill of particulars. By pleading guilty, however, Frett waived any defect in the indictment or bill of

particulars regarding the vagueness of the range of dates. *Martin*, 8th Dist. No. 95281, 2011-Ohio-222, ¶ 20. Further, as it relates to the ineffective assistance of counsel claim, his trial counsel was not ineffective because "this court has previously noted that, in cases involving sexual abuse against children, indictments need not state with specificity the dates of the alleged abuse, as long as the prosecution establishes that the offenses occurred within the time frame alleged." *State v. Ferrell*, 8th Dist. No. 92573, 2010-Ohio-1201, ¶ 45, citing *State v. Coles*, 8th Dist. No. 90330, 2008-Ohio-5129, ¶ 33; *State v. Yaacov*, 8th Dist. No. 86674, 2006-Ohio-5321, ¶ 17. Frett pleaded guilty to the fact that the crimes occurred during the stated time frames, and he cannot collaterally attack the sufficiency of the indictment or bill of particulars, after pleading guilty, by claiming the insufficiency rendered his plea involuntarily or unknowingly made. His second and third assignments of error are overruled.

{¶17} Frett's fourth and final assignment of error challenges the trial court's inadvertent imposition of a sentence pursuant to the version of R.C. 2929.14 effective after the date of Frett's offense. The felony sentencing statute, R.C. 2929.14, was amended effective September 30, 2011, and Frett's crimes were committed by December 2010. The amendment in pertinent part increased the general sentencing maximum for a felony of the first degree to 11 years. Section 4 of Am.Sub.H.B. No. 86 expressly provides that the amendments to R.C. 2929.14(A) "apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58 of the Revised Code makes

the amendments applicable." *See State v. Jones*, 1st Dist. No. C-110603, 2012-Ohio-2075, ¶ 14. Prior to the amendment, and at the time Frett committed the offenses, the corresponding maximum term of prison was ten years. The state concedes this error in sentencing and acknowledges that Frett should have been sentenced under the prior version of R.C. 2929.14(A)(1).

{¶18} The record herein reflects that the trial court intended to impose the maximum penalty on each of the three rape counts, with the terms running consecutive to each other. We accordingly modify Frett's sentence to be consistent with the maximum sentence allowed under the version of R.C. 2929.14 effective on the date of his offense. His sentence is reduced to 10 years on each rape count, to be served consecutively. Frett's fourth assignment of error is sustained.

{¶19} Accordingly, we affirm Frett's conviction, modify his sentence, and we remand the matter to the trial court for the sole purpose of correcting the sentencing entry to comport with our decision herein.

{¶20} Conviction affirmed; sentence modified; case remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence. The trial court is hereby directed to vacate its prior sentencing order journalized October 11, 2011, and issue a journal entry consistent with this opinion.

The trial court is further directed to take all necessary administrative steps to inform the prison system of appellant's modified sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

COLLEEN CONWAY COONEY, P.J., and
KENNETH A. ROCCO, J., CONCUR