[Cite as *In re N.J.K.*, 2021-Ohio-3733.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| IN RE N.J.K. | : | |
| | : | No. 110056 |
| Minor Child | : | |
| | : | |
| [Appeal by A.M., Mother] | : | |

### ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 21, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU-11113576

### *Appearances:*

Stafford Law Co., L.P.A., Joseph G. Stafford, and Nicole A. Cruz, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Marilyn Orkin Weinberg and Steven W. Ritz, Assistant Prosecuting Attorneys, *for appellee* Cuyahoga County Department of Children and Family Services.

EMANUELLA D. GROVES, J.:

{¶ 1} Appellant-mother, A.M., formerly A.K. ("Mother"), appeals from the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division

("juvenile court"), that dismissed her motion to modify child support. For the reasons set forth below, we affirm the juvenile court's judgment of dismissal.

## Procedural History

{¶ 2} On November 21, 2002, Mother gave birth to a son N.J.K. The following day, appellee-father, C.G., Jr. ("Father"), and Mother executed an "Acknowledgment of Paternity," which was later registered with the Paternity Registry in Columbus, Ohio. At the time of N.J.K.'s birth, Mother resided in Cuyahoga County, Ohio, but later moved to Medina County, Ohio.

{¶ 3} In May 2005, Mother initiated an administrative child support case in Medina County. Mother was awarded child support, through an administrative order, in Medina County in the amount of $249.25 per month, and Father's wages have since been garnished. In 2009 and 2015 respectively, the Medina County CSEA administratively adjusted the administrative child support order.

{¶ 4} Following the issuance of the child support administrative order in Medina County, Mother and N.J.K. moved back to Cuyahoga County. On August 1, 2011, Father filed an "Application to Allocate Parental Rights and Responsibilities" in the Cuyahoga County Juvenile Court. Mother and Father participated in mediation wherein the parties agreed that Mother would be named the legal custodian and Father would be entitled to visitation with N.J.K. at Father's new home in Georgia. On October 13, 2011, the juvenile court adopted the parties' mediation agreement.

{¶ 5} On January 3, 2019, Father filed a "Motion to Show Cause" in the Cuyahoga County Juvenile Court, wherein he alleged that Mother was not complying with the visitation agreement. Specifically, Father alleged that Mother failed to cooperate with sending their son to spend Christmas 2018 with him in Canton, Georgia. Additionally, Father alleged that Mother indicated that Father would have to acquire a court order to obtain her cooperation.

{¶ 6} On April 25, 2019, Father supplemented the motion to show cause to further allege that Mother did not cooperate in sending their son for the scheduled Easter visit spanning April 19 - 21, 2019. Father also alleged that Mother indicated she was working and would not be available to drive to Kentucky to facilitate the exchange of their son. Additionally, Father alleged that Mother did not respond when he offered to drive to Cuyahoga County, Ohio to pick up their son.

{¶ 7} On May 9, 2019, Mother filed a "Motion to Modify Child Support and a Motion for Attorney Fees."[1] In the attached affidavit, Mother averred that there had been a substantial change in circumstances that warranted an increase in Father's monthly child support obligation. Mother also averred that she had incurred attorney fees and other expenses in bringing the matter to the court's attention and requested an order that Father reimburse her for those expenses.

{¶ 8} On September 9, 2020, a child support magistrate conducted a telephone pretrial on Mother's motion to modify child support. At the pretrial,

---

[1] The motion did not mention that the support order Mother sought to modify was a Medina County administrative order.

counsel for the Office of Child Support Services, formerly known as the Cuyahoga County Child Support Enforcement Agency ("CSEA") (collectively "OCSS"), entered an appearance. The OCSS orally moved to dismiss Mother's motion on the grounds that Cuyahoga County Juvenile Court lacked jurisdiction, because Mother had not requested that Cuyahoga County Juvenile Court adopt the Medina County administrative child support order. During that pretrial, Father's counsel indicated that he had a motion to dismiss prepared, based on the same grounds as that of the OCSS, that he intended to file it immediately. Father's counsel subsequently filed the written motion.

{¶ 9} On October 2, 2020, the child support magistrate dismissed Mother's motion to modify child support on the grounds that the administrative order that Mother was seeking to modify was issued by the Medina County Child Support Agency. Of particular importance, to be discussed below, the support magistrate found that the administrative support order Mother was seeking to modify was never adopted as an order of the Cuyahoga County Juvenile Court. The child support magistrate further found that the motion to dismiss was filed on September 9, 2020, and there had been no responsive pleadings filed by any other party to this action.

{¶ 10} Thereafter, on October 6, 2020, Mother filed "Motion for Leave to File Mother's Brief in Opposition to Motion to Dismiss Motion to Modify Child Support and Motion for Attorney Fees and Litigation Expenses Instanter." On October 19, 2020, the juvenile court adopted the child support magistrate's decision.

On October 20, 2020, Mother filed objections to the support magistrate's decision of October 2, 2020, dismissing the motion to modify. On October 21, 2020, the juvenile court overruled Mother's objections.

**{¶ 11}** The juvenile court also dismissed Father's motion to show cause based on lack of jurisdiction. Specifically, the juvenile court found that N.J.K. reached his eighteenth birthday on November 21, 2020, leaving the juvenile court without jurisdiction over the child relative to the child's custody.

**{¶ 12}** Mother now appeals, assigning the following errors for review:

### Assignment of Error No. 1
The trial court erred as a matter of law and abused its discretion by dismissing the Appellant/Mother's motion to modify child support for failure to state a claim.

### Assignment of Error No. 2
The trial court erred as a matter of law and abused its discretion in adopting the magistrate's decision without conducting an independent review pursuant to Civ.R. 53(D)(4).

### Assignment of Error No. 3
The trial court erred as a matter of law and abused its discretion in denying the appellant's motion for leave to file, notwithstanding the motions to dismiss being set for hearing over two weeks later.

**{¶ 13}** In the first assignment of error, Mother argues the juvenile court erred in granting Father's and the OCSS's motion to dismiss her motion to modify child support.

**{¶ 14}** Our standard of review on a motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contrs., Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990).

**{¶ 15}** Within this assignment of error, Mother advances several arguments which, when distilled, results in the contention that the Cuyahoga County Juvenile

Court had jurisdiction to modify the existing administrative child support order that was issued in Medina County.

**{¶ 16}** Preliminarily, we note, Ohio's juvenile courts are statutory entities, and they are able to exercise only those powers that the General Assembly confers on them. *In re E.B.*, 8th Dist. Cuyahoga Nos. 109093 and 109094, 2020-Ohio-4139, ¶ 43, citing R.C. Chapter 2151; *In re Z.R.,* 144 Ohio St.3d 380, 2015-Ohio-3306, 44 N.E.3d 239, ¶ 14.

**{¶ 17}** "Jurisdiction" is defined as a court's statutory or constitutional power to adjudicate a case. *State ex rel. Frett v. Sutula*, 8th Dist. Cuyahoga No. 101983, 2015-Ohio-21, ¶ 4, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992. The term encompasses jurisdiction over the subject matter and over the person. *Pratts* at ¶ 11, citing *State v. Parker*, 95 Ohio St.3d 524, 2000-Ohio 2833, 769 N.E.2d 846, ¶ 22. It is a "condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void." *Id.*, citing *United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75,  275, 701 N.E.2d 1002 (1998).

**{¶ 18}** However, jurisdiction and venue are distinct legal concepts. *In re Z.R.,* 144 Ohio St.3d 380, 2015-Ohio-3306, 44 N.E.3d 239, ¶ 16; *In re A.G.,* 139 Ohio St.3d 572, 2014-Ohio-2597, 13 N.E.3d 1146, ¶ 53, citing *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus. Venue is a "procedural matter," and it refers not to the power to hear a case but to the

geographic location where a given case should be heard. *Id.*, quoting *Morrison* at 87-88. It is the interplay of jurisdiction and venue that is critical in the instant matter.

{¶ 19} Mother contends that R.C. 2151.23(A)(2) is controlling. Subsection (A)(2) provides that:

> The juvenile court has exclusive original jurisdiction under the Revised Code as follows:
>
> ***
>
> (2) Subject to divisions (G), (I), (K), and (V) of section 2301.03 of the Revised Code, to determine the custody of any child not a ward of another court of this state.

*Id.*

{¶ 20} In reliance on R.C. 2151.23(A)(2), Mother argues that Father's "Application to Determine Custody," filed in the Cuyahoga County Juvenile Court on August 1, 2011, invoked that court's jurisdiction to modify the Medina County administrative child support order. However, neither Father nor the OCSS disagrees with the general jurisdictional premise of Subsection (A)(2). Instead, it is Mother's failure to request that Cuyahoga County Juvenile Court adopt the administrative child support order that was issued and, throughout its existence, administered by Medina County CSEA, that renders her reliance on R.C. 2151.23(A)(2) misplaced in this instance.

{¶ 21} Importantly, an initial child support order can be issued by either a court or an administrative agency. These separate orders are defined in R.C. 3119.01, which provides in pertinent part as follows:

(B) As used in this chapter and Chapters 3121., 3123., and 3125. of the Revised Code:

(1) "Administrative child support order" means any order issued by a child support enforcement agency for the support of a child pursuant to section 3109.19 or 3111.81 of the Revised Code or former section 3111.211 of the Revised Code, section 3111.21 of the Revised Code as that section existed prior to January 1, 1998, or section 3111.20 or 3111.22 of the Revised Code as those sections existed prior to March 22, 2001.

*Id.*

(C) As used in this chapter:

(3) "Court child support order" means any order issued by a court for the support of a child pursuant to Chapter 3115. of the Revised Code, section 2151.23, 2151.231, 2151.232, 2151.33, 2151.36, 2151.361, 2151.49, 3105.21, 3109.05, 3109.19, 3111.13, 3113.04, 3113.07, 3113.31, 3119.65, or 3119.70 of the Revised Code, or division (B) of former section 3113.21 of the Revised Code.

*Id.*

{¶ 22} It is unequivocal from R.C. 3119.01(B)(1) above, and our discussion, thus far, that the child support order for which Mother sought modification is an administrative child support order. Because the child support order, at issue, is an administrative child support order, Ohio Adm.Code 5101:12-10-03, the rule that describes that CSEA has administrative responsibility for a case becomes relevant and controlling in the instant matter.

{¶ 23} Ohio Adm.Code 5101:12-10-03 provides in relevant part as follows:

(E) Administrative responsibility for the enforcement of a support order or modification of a child support order.

(1) When an Ohio court has issued a support order, adopted an administrative child support order, or accepted jurisdiction of a support order from another Ohio court, the CSEA in the same county as the court has administrative responsibility.

(a) When the applicant for services moves to another Ohio county, the CSEA retains administrative responsibility.

(b) When the court support order is terminated and balances are still owed, the CSEA retains administrative responsibility.

(c) When the court relinquishes or transfers jurisdiction of the support order to a court in another Ohio county, the CSEA in the same county as the court that accepted jurisdiction has administrative responsibility.

(d) When the court relinquishes or transfers jurisdiction of the support order to a court in another Ohio county and the other court does not accept jurisdiction, the CSEA retains administrative responsibility.

(2) When a CSEA has issued an administrative child support order, that CSEA has administrative responsibility.

(a) When the applicant for services moves to another Ohio county, the CSEA retains administrative responsibility.

(b) When the administrative child support order is terminated and balances are still owed, the CSEA retains administrative responsibility.

{¶ 24} We find several parts of Subsection (E) instructive. Of significance, Subsection (E)(2) provides that the county CSEA that issues the administrative order retains administrative responsibility. In addition, Subsection (E)(2)(a) provides that the issuing county CSEA retains administrative responsibility even when, as in this instance, the party or applicant for services moves to another county. Further, although not implicated here, but worth noting, Subsection (E)(2)(b) provides that the issuing county CSEA retains administrative responsibility when the child support order is terminated, but balances are still owed.

{¶ 25} It is axiomatic, that if the issuing county CSEA retains administrative responsibility for the child support order, from issuance through post termination,

then the juvenile court would have to adopt the order to obtain jurisdiction. This is borne out in Subsection (E)(1), which provides that "[w]hen an Ohio court has * * * adopted an administrative child support order, * * * the CSEA in the same county as the court has administrative responsibility." Subsection (E)(1) highlights two things namely: the juvenile court's power to adopt administrative child support orders and once adopted, the CSEA in the same county as the adopting court has administrative responsibility for the order.

{¶ 26} Thus, it is clear from Subsection (E)(1) that the Cuyahoga County Juvenile Court had to first adopt the Medina County administrative child support order, before it could obtain jurisdiction to hear and decide the case. "It is a settled principle of statutory construction that words used in a statute are to be given their plain and ordinary meaning[.]" *Ohio Assn. of Pub. School Emps., Chapter No. 672 v. Twin Valley Local School Dist. Bd. of Edn.*, 6 Ohio St.3d 178, 181, 451 N.E.2d 1211 (1983).

{¶ 27} Further, we must "presume that the legislature says in a statute what it means and means in a statute what it says there." *State ex rel. Lee v. Karnes*, 103 Ohio St.3d 559, 2004-Ohio-5718, 817 N.E.2d 76, ¶ 27, quoting *BedRoc Ltd., L.L.C. v. United States,* 541 U.S. 176, 124 S.Ct. 1587, 1593, 158 L.Ed.2d 338 (2004), quoting *Connecticut Natl. Bank v. Germain*, 503 U.S. 249, 253-254, 112 S. Ct. 1146, 117 L.Ed.2d 391 (1992). Under the plain and ordinary meaning of Subsection (E)(1), the Cuyahoga County Juvenile Court had to first adopt the Medina County administrative child support order to obtain jurisdiction.

{¶ 28} However, Mother failed to request that the Cuyahoga County Juvenile Court adopt the Medina County administrative child support order. Father's legal counsel telegraphed this necessity, but without success. Appellee's brief, at page 7, stated that "[a]ppellee's counsel told Mother's attorney on more than one occasion that the motion was defective for failure to request that the Medina County CSEA order be adopted prior to filing Appellee's 'Motion to Dismiss.'"

{¶ 29} As Father aptly points out, we addressed a similar jurisdictional issue in *In re I.L.J.,* 8th Dist. Cuyahoga No. 104272, 2016-Ohio-7052, wherein we vacated a juvenile court's decision granting a Civ.R. 60(B) motion. There we stated:

> CSEA filed a motion to dismiss the father's amended motion to vacate the administrative order based on the fact that the court did not have jurisdiction to vacate an administrative order. The mother also raised the issue in her objections to the magistrate's report. Despite being alerted to the necessity of adopting the order to properly obtain jurisdiction over the matter before entertaining the Civ.R. 60(B) motion, the trial court failed to do so. By not adopting the administrative order, the trial court was without jurisdiction to grant the father's Civ.R. 60(B) motion.

*Id.* at ¶ 32.

{¶ 30} Here, as in *In re I.L.J.*, because the administrative child support order was not adopted, the juvenile court was without jurisdiction to hear and decide the case. Although this may appear to be a minor act, the failure to do so invokes a major consequence, specifically, lack of jurisdiction.

{¶ 31} Moreover, regarding the juxtaposition of jurisdiction and venue, the statutory framework indicates that the court with jurisdiction over an administrative child support order is the court located in the same county as the CSEA that issued

the order. This is the case without regard for the purpose of invoking the jurisdiction of the court.

{¶ 32} For example, R.C. 3111.83, relevant to registration of orders of support, states:

> An administrative officer who issues an administrative support order for the payment of support and provision for a child's health care shall register the order or cause the order to be registered in the system established under section 3111.831 of the Revised Code or with the clerk of the court of appropriate jurisdiction of the county served by the administrative officer's child support enforcement agency.

*Id.*

{¶ 33} Also, R.C. 3111.84, relevant to objecting to an order or to the finality of an unchallenged order, states in pertinent part:

> Either parent of a child who is the subject of an administrative support order may object to the order by bringing an action for the payment of support and provision for the child's health care under section 2151.231 of the Revised Code in the juvenile court or other court with jurisdiction under section 2101.022 or 2301.03 of the Revised Code of the county in which the child support enforcement agency that issues the order is located.

*Id.*

{¶ 34} In addition, R.C. 3119.61, relevant to commencement of review of administrative orders, states in pertinent part:

> (C) If the obligor or obligee timely requests an administrative hearing on the revised amount of child support, do all of the following:
>
> * * *
>
> Give notice, by ordinary mail, to the obligor and obligee of the amount of child support to be paid under the order and that the obligor and obligee may object to the modified order by initiating an action under section 2151.231 of the Revised Code in the juvenile court or other court

with jurisdiction under section 2101.022 or 2301.03 of the Revised Code of the county in which the agency that issued the order is located.

*Id.*

{¶ 35} The common thread in the above-referenced statutes is the requirement that the action be brought in the county in which the child support agency that issues or serves the order is located. This central requirement underscores that Mother was required to request the Cuyahoga County Juvenile Court to adopt the Medina County administrative child support order as a condition precedent to the Cuyahoga County Juvenile Court's ability to hear the case.

{¶ 36} As previously noted, the Medina County CSEA administratively adjusted the administrative child support order in 2009 and 2015 respectively. The record indicates that the "Notice to Obligee & Obligor" specifically stated that "[e]ither party may object to this Administrative Support Order by bringing an action in Medina County Domestic Relations Court under Section 2151.231 of the Revised Code no later than thirty days after the issuance date of this Order." The foregoing notification indicates that Mother had to seek the modification in Medina County or request Cuyahoga County Juvenile Court adopt the Medina County administrative child support order. Mother's failure to request the adoption of the order, rendered the juvenile court without jurisdiction to hear and decide the case.

{¶ 37} Nonetheless, Mother argues that R.C. 3111 et seq. permits a parent to bring actions in either the minor child's home county or within the county of a final administrative order. However, because paternity was not at issue, Mother's

reliance on R.C. 3111 et seq. and the various cases she cites in support are not applicable to the instant matter.

{¶ 38} As previously stated, the day following N.J.K.'s birth, an "Acknowledgment of Paternity," was executed and later registered with the Paternity Registry in Columbus, Ohio. Thus, Mother's assertion that Father requested the Cuyahoga County Juvenile Court to issue an order of paternity, when Father filed his "Application to Allocate Parental Rights and Responsibilities" is incorrect.

{¶ 39} As such, the exercise of jurisdiction over Father's "Application to Allocate Parental Rights and Responsibilities" did not automatically vest the juvenile court with jurisdiction to hear and decide Mother's motion, without first adopting the Medina County administrative child support order.

{¶ 40} Because the juvenile court was without jurisdiction to hear and decide the case, it did not err when it granted Father's and the OCSS's motion to dismiss Mother's motion.

{¶ 41} Accordingly, we overrule the first assignment of error.

{¶ 42} Having found that the juvenile court was without jurisdiction to hear and decide the case, we now find Mother's remaining two assignments of error moot. App.R. 12(A)(1)(c).

{¶ 43} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

LISA B. FORBES, P.J., and
EILEEN T. GALLAGHER, J., CONCUR