[Cite as *State v. Frett*, 2025-Ohio-2590.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 97538 |
| v. | : | |
| DEMETRIOUS A. FRETT, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** July 18, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-10-544745-A and CR-11-552762-A
Application for Reopening
Motion No. 585130

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee.*

Demetrious A. Frett, *pro se.*

SEAN C. GALLAGHER, J.:

{¶ 1} Demetrious A. Frett ("Frett"), pro se, has filed an application for reopening pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60

(1991), based on claims of ineffective assistance of appellate counsel. Frett is attempting to reopen the appellate judgment rendered in *State v. Frett,* 2012-Ohio-3363 (8th Dist.), in which this court affirmed his convictions, modified his sentence, and remanded the matter back to the trial court for the sole purpose of correcting the sentencing journal entry. For the reasons that follow, we deny Frett's application to reopen the appeal.

{¶ 2} App.R. 26(B)(1) provides:

> A defendant in a criminal case . . . may apply for reopening of the appeal from the judgment of conviction and sentence or a judgment of adjudication or disposition based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

When appropriate, the application for reopening shall contain "a showing of good cause for [the] untimely filing if the application is filed more than ninety days after journalization of the appellate judgment." App.R. 26(B)(2)(b).

{¶ 3} The Supreme Court of Ohio has recognized that "[t]he 90-day requirement in the rule is 'applicable to all appellants.'" *State v. LaMar*, 2004-Ohio-3976, ¶ 9, quoting *State v. Winstead*, 74 Ohio St.3d 277, 278 (1996). "Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved." *State v. Gumm*, 2004-Ohio-4755, ¶ 7.

{¶ 4} "The existence of good cause is a threshold issue that must be established before an appellate court may reach the merits of a claim of ineffective assistance of appellate counsel." *State v. Wogenstahl*, 2024-Ohio-2714, ¶ 21, citing *State v. Farrow*, 2007-Ohio-4792, ¶ 7. "'Lack of effort or imagination, and ignorance of the law . . . do not automatically establish good cause for failure to seek timely relief' under App.R. 26(B)." *LaMar* at ¶ 9, quoting *State v. Reddick*, 72 Ohio St.3d 88, 91 (1995). Indeed, even "identifying meritorious claims," i.e., "dead-bang winners," is insufficient to establish good cause for an untimely filing. *See, e.g., State v. Williams*, 2025-Ohio-614, ¶ 7-8 (8th Dist.) (noting that in *LaMar* and *Gumm,* the Ohio Supreme Court held that the 90-day deadline for filing applications to reopen an appeal under App.R. 26(B) "must be strictly enforced").

{¶ 5} In this case, Frett is attempting to reopen the appellate judgment that was journalized on July 26, 2012. The application for reopening was not filed until June 6, 2025. Thus, over 12 years have elapsed since we rendered our appellate opinion that affirmed Frett's convictions in *Frett*, 2012-Ohio-3363 (8th Dist.). Despite this significant delay, Frett's application for reopening is silent on the issue of good cause and does not present any viable reasons for the untimely filing. *See State v. Chandler*, 2022-Ohio-1391, ¶ 9 (8th Dist.) ("Where an application for reopening is not timely filed and the application fails to allege good cause for the delay, the application must be denied."). *See also State v. Black*, 2020-Ohio-3278 (8th Dist.); *State v. Campbell*, 2018-Ohio-3494 (8th Dist.); *State v. Harris*, 2018-Ohio-839 (8th Dist.). Frett has also failed to explain how good cause, if any, has

existed continuously since July 2012. *See State v. Haynik*, 2025-Ohio-1363, ¶ 4 (8th Dist.), quoting *State v. Fox*, 83 Ohio St.3d 514, 516 (1998) ("Good cause can excuse the lack of a filing only while it exists, not for an indefinite period."). Accordingly, we find Frett has failed to establish good cause for the untimely filing of his application for reopening.

{¶ 6} Application denied.

_____
SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR