[Cite as *Frett v. State*, 2013-Ohio-5441.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 100241 and 100304**

## DEMETRIOUS A. FRETT

PETITIONER

vs.

## STATE OF OHIO, ET AL.

RESPONDENTS

**JUDGMENT:**
WRITS DENIED

Writs of Mandamus and Procedendo
Motion Nos. 468506, 468417, and 469298
Order No. 469764

**RELEASE DATE:** December 10, 2013

**FOR RELATOR**

Demetrious A. Frett, pro se
Inmate No. 620-151
P.O. Box 901
Trumbull Correctional Institution
Leavittsburg, Ohio 44430

**ATTORNEYS FOR RESPONDENTS**

Timothy J. McGinty
Cuyahoga County Prosecutor
James E. Moss
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** On August 12, 2013, the petitioner, Demetrious Frett, commenced this mandamus and procedendo action, Appeal No. 100241. On August 23, 2013, Frett filed a nearly identical petition for mandamus and procedendo, Appeal No. 100304. The one difference between the two petitions is that the August 23, 2013 petition has a poverty affidavit attached. It is difficult to discern what relief Frett is seeking. His requested relief may include rulings on motions for resentencing that he filed on February 19, 2013, in the three underlying cases, *State v. Frett,* Cuyahoga C.P. Nos. CR-543131, CR-544745, and CR-552762; and/or a new sentencing and/or a new trial for failure to comply with R.C. 2945.05, the jury waiver statute, for failure to be present at the resentencing, or some other irregularity during the course of the proceedings. The state moved for summary judgment in Appeal No. 100241 on September 18, 2013, and in Appeal No. 100304 on September 20, 2013. On October 9, 2013, this court consolidated the two cases and set a briefing schedule. On October 23, 2013, Frett filed his own motion for summary judgment, which also served as his brief in opposition to the respondent's motions. For the following reason, this court grants the respondent's motions for summary judgment, denies Frett's motion for summary judgment, and denies the application for writs of mandamus and procedendo.

**{¶2}** In CR-543131, Frett faced multiple charges of rape, attempted rape, and kidnapping. In CR-552762, Frett faced five counts of rape, and in CR-544745, he

faced approximately 35 charges of rape, attempted rape, kidnapping, abduction, domestic violence, endangering children, and obstruction of justice.

{¶3} The state and Frett reached a plea agreement. Frett pleaded guilty to one count of rape with a sexually violent predator specification in CR-552762 and to two counts of rape and two counts of abduction with sexual motivation specifications in CR-544745, and the state nolled all the other counts. The trial court merged the abduction counts with the corresponding rape counts as allied offenses and then sentenced Frett to 11 years on each of the three rape counts to be served consecutively.

{¶4} On appeal, this court affirmed his convictions, overruling assignments of error that his plea was involuntary because the judge, prosecutor, and defense counsel coerced him into pleading guilty and because the indictment was vague, that the trial court erred in denying his request for new counsel, and that the trial court should have inquired into his competency. However, this court did modify his sentence. It noted that at the time of the commission of the offenses, the maximum sentence for rape was ten years, not the eleven that a subsequent amendment allows. Thus, this court reduced the sentence to ten years on each rape count to be served consecutively and remanded "the matter to the trial court for the sole purpose of correcting the sentencing entry to comport with our decision herein." *State v. Frett*, 8th Dist. Cuyahoga No. 97538, 2012-Ohio-3363, ¶ 19.

{¶5} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty

to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 631 N.E.2d 119 (1994); and *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist. Cuyahoga No. 67787, 1994 Ohio App. LEXIS 6227 (Sept. 26, 1994). Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 1997-Ohio-245, 676 N.E.2d 108. Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); and *State ex rel. Shafer v. Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953).

{¶6} The writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 553 N.E.2d 1354 (1990). Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio

St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. However, the writ will not issue to control what the judgment should be, nor will it issue for the purpose of controlling or interfering with ordinary court procedure. Moreover, it will not issue if the petitioner has or had an adequate remedy at law. *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 589 N.E.2d 1324 (1992); and *Howard v. Cuyahoga Cty. Probate Court*, 8th Dist. Cuyahoga No. 84702, 2004-Ohio-4621 (petitioner failed to use an adequate remedy at law).[1]

{¶7} First, the petition is defective because it is improperly captioned. Frett styled this petition as "Demetrious Frett v. State of Ohio, et at. [sic]" R.C. 2731.04 requires that an application for a writ of mandamus "must be by petition, in the name of the state on the relation of the person applying." This failure to properly caption a mandamus action is sufficient grounds for denying the writ and dismissing the petition. *Maloney v. Court of Common Pleas of Allen Cty.*, 173 Ohio St. 226, 181 N.E.2d 270 (1962). Moreover, the failure to caption the case correctly creates uncertainty as to the identity of the respondent and the duty to be fulfilled. Naming the state of Ohio as the respondent causes the uncertainty as to whether the trial court, the Ohio Department of Rehabilitation and Correction, the county prosecutor, or some other arm of the state is to perform the requested relief. This court has held that this deficiency alone also warrants dismissal. *State ex rel. Calloway v. Court of Common Pleas of Cuyahoga Cty.,* 8th Dist. Cuyahoga No. 71699, 1997 Ohio App. LEXIS 79452 (Feb. 27, 1997); and *Jordan v.*

---

[1] Although Frett captions his complaint as a petition for mandamus, he also asks for a writ of procedendo in his demand for judgment.

*Cuyahoga Cty. Court of Common Pleas,* 8th Dist. Cuyahoga No. 96013, 2011-Ohio-1813.

**{¶8}** Additionally, Frett failed to support his complaint with an affidavit "specifying the details of the claim" as required by Loc.App.R. 45(B)(1)(a). *State ex rel. Leon v. Cuyahoga Cty. Court of Common Pleas,* 123 Ohio St.3d 124, 2009-Ohio-4688, 914 N.E.2d 402; and *State ex rel. Wilson v. Calabrese*, 8th Dist. Cuyahoga No. 70077, 1996 Ohio App. LEXIS 6213 (Jan. 18, 1996).

**{¶9}** Frett also did not comply with R.C. 2969.25(C), which requires that an inmate file a certified statement from his prison cashier setting forth the balance in his private account for each of the preceding six months. This also is sufficient reason to deny the mandamus, deny indigency status, and assess costs against the relator. *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842; and *Hazel v. Knab*, 120 Ohio St.2d 22, 2011-Ohio-4608, 955 N.E.2d 378.

**{¶10}** To the extent that Frett is seeking rulings on the motions for resentencing that he filed in each of the three underlying cases, this matter is moot. Attached to the respondent's motions for summary judgment are certified copies of September 16, 2013 journal entries denying Frett's motions for resentencing in each of the three underlying cases. These attachments establish that the trial court has fulfilled its duty to rule on the subject motions.

**{¶11}** To the extent that Frett is endeavoring to challenge his convictions and sentences for lack of jurisdiction because the trial court did not comply with R.C.

2945.05, which requires a written waiver of jury trial, his claim is meritless. The Supreme Court of Ohio in *Martin v. Maxwell*, 175 Ohio St. 147, 147, 191 N.E.2d 838 (1963), rejected this argument for defendants, such as Frett, who pled guilty. The court ruled that the mandates of R.C. 2945.05, requiring a written jury waiver, are not applicable when the accused pleads guilty. "The failure in such an instance to file a waiver does not deprive an accused of any of his constitutional rights, nor does it deprive the court of its jurisdiction." This court followed *Martin* in *State v. Abney*, 8th Dist. Cuyahoga No. 84190, 2006-Ohio-273.

{¶12} To the extent that Frett is seeking a new sentence because the trial court improperly imposed consecutive sentences under R.C. 2929.19, he has or had an adequate remedy at law through appeal that now precludes an extraordinary writ. *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107.

{¶13} To the extent that Frett is seeking resentencing or a new trial on some other theory, this court denies the application for an extraordinary writ because he did not clearly articulate in his petition the duty to be performed, the right to be upheld, and the legal authority supporting his position.

{¶14} Accordingly, this court denies the application for writs of mandamus and procedendo. Petitioner to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶15} Writ denied.

_____
MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR