THE STATE EX REL. HARSH, APPELLANT, *v.* ONEY, JUDGE, APPELLEE.

[Cite as *State ex rel. Harsh v. Oney,* 138 Ohio St.3d 192, 2014-Ohio-458.]

*Mandamus and prohibition—Res judicata—Adequate remedy at law—Court of appeals' judgment dismissing complaint affirmed.*

(No. 2013-1051—Submitted November 5, 2013—Decided February 13, 2014.)

APPEAL from the Court of Appeals for Butler County, No. CA2013-05-0069.

_____

**Per Curiam.**

**{¶ 1}** This is the appeal of a case in mandamus and prohibition filed by appellant, Robert Harsh, against appellee, Butler County Court of Common Pleas Judge Patricia Oney, regarding his sentence for a felony conviction for driving while under the influence of alcohol or drugs ("DUI"). Because Harsh brought an earlier mandamus case raising the same issues, which was previously dismissed by the court of appeals, the current mandamus claim is precluded by res judicata and was properly dismissed. And because Harsh had an adequate remedy at law by way of appeal from his original sentence and Judge Oney had subject-matter jurisdiction to try Harsh and to sentence him, the prohibition claim was also properly dismissed. We affirm.

*Facts*

**{¶ 2}** Harsh was sentenced to seven years' incarceration after he was found guilty in a jury trial of operating a motor vehicle under the influence of alcohol, of a specification for having previously been convicted of other such offenses, and of driving with a suspended license. He challenges the legality of his convictions and sentence and filed a petition in mandamus and prohibition in the Twelfth District Court of Appeals against Judge Oney, the trial judge who

sentenced him. The court of appeals granted Judge Oney's motion to dismiss the case.

*Analysis*

{¶ 3} Harsh filed a previous action in mandamus in the Twelfth District concerning the same issues he raises here. In her brief in the court of appeals in this case, Judge Oney extensively cited the court of appeals' final entry in that case. The court of appeals dismissed that previous action because Harsh had an adequate remedy at law, stating that his affidavit of prior civil actions demonstrated that he had extensively litigated his convictions. The court of appeals here found that Harsh's current mandamus claim is barred by res judicata because of the earlier mandamus action.

{¶ 4} Res judicata "involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 653 N.E.2d 226 (1995). Claim preclusion provides that " '[a] final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.' " *Id.*, quoting *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph one of the syllabus.

{¶ 5} Here, Harsh has previously tried to obtain relief by way of a mandamus action. He did not appeal the dismissal of that previous case, and therefore the matter has been decided. The court of appeals correctly dismissed Harsh's mandamus claim in this case on the basis of res judicata.

{¶ 6} To be entitled to the requested writ of prohibition, Harsh must establish that (1) Judge Oney is about to or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course

2

of law. *State ex rel. Bell v. Pfeiffer,* 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18; *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12.  The third prerequisite need not be established when the lower court lacks jurisdiction:  "Where jurisdiction is patently and unambiguously lacking, relators need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial."  *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

{¶ 7}  The lower court correctly held that not only did Harsh have an adequate remedy at law, but that Judge Oney did not lack the jurisdiction to try Harsh and to sentence him for a fourth-degree-felony DUI offense.  Judge Oney had the basic jurisdiction to sentence Harsh, and Harsh should have appealed the sentencing order to raise any concerns he had with his convictions or his sentence. The Twelfth District was correct in dismissing this case, and we affirm.

{¶ 8}  Harsh's various motions are denied as moot.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Robert Harsh, pro se.

_____