[Cite as *State ex rel. Frett v. Sutula*, 2015-Ohio-21.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   101983

**STATE EX REL. DEMETRIOUS A. FRETT**

RELATOR

vs.

**JUDGE KATHLEEN ANN SUTULA**

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writ of Prohibition
Motion No. 481142
Order No. 481193

**RELEASE DATE:**   January 7, 2015

**FOR RELATOR**

Demetrious A. Frett, pro se
Inmate No. 620-151
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio   44901

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} Demetrious A. Frett has filed a complaint for a writ of prohibition. Frett seeks an order from this court that requires Judge Kathleen Ann Sutula to vacate the pleas of guilty and sentences of incarceration imposed in *State v. Frett*, Cuyahoga C.P. Nos. CR-10-544745 and CR-11-552762. For the following reasons, we decline to issue a writ of prohibition on behalf of Frett.

{¶2} A writ of prohibition is designed to prevent a tribunal from proceeding in a matter in which it is not authorized to hear and determine, or in which it seeks to usurp or exercise jurisdiction with which it has not been invested by law. *State ex rel. Doe v. Tracy*, 51 Ohio App.3d 198, 555 N.E.2d 674 (12th Dist.1988). It is well established that the purpose of a writ of prohibition is to prevent inferior courts and tribunals from usurping jurisdiction beyond that with which they have been granted by law. *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 686 N.E.2d 267 (1997). Where a court possesses general subject matter jurisdiction over a pending action, a writ of prohibition will not issue to prevent an error of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181; *State ex rel. Winnefeld v. Court of Common Pleas of Butler Cty.*, 159 Ohio St. 225, 112 N.E.2d 27 (1953). If a court patently and unambiguously lacks jurisdiction, a writ of prohibition will issue to correct the results of prior unauthorized actions. *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633. However, if a court does not patently and unambiguously lack jurisdiction, prohibition will not issue and the issue of jurisdiction must be addressed through an appeal. *State ex rel. Bradford v. Trumbull Cty. Court*, 64 Ohio St.3d 502, 597 N.E.2d 116 (1992); *State ex rel. Pearson v. Moore*, 48 Ohio St.3d 37, 548 N.E.2d 945 (1990).

{¶3} In the case sub judice, Frett argues that a writ of prohibition must issue to require Judge Sutula to vacate his pleas of guilty and sentences of incarceration in Case Nos.

CR-10-544745 and CR-11-552762, because of the following: (1) pleas in Case Nos. CR-10-544745 and CR-11-552762 were not entered knowingly and voluntarily; (2) trial court refused to appoint new counsel; (3) trial counsel was ineffective; (4) prosecutor breached promise to recommend a lenient sentence with regard to Frett's wife; (5) indictment was improperly amended from unlawful sexual conduct with a minor (R.C. 2907.04) to rape (R.C. 2907.02); (6) failure to execute a jury waiver form; and (7) mandate of prior appeal to require a resentencing in *State v. Frett*, 8th Dist. Cuyahoga No. 97538, 2012-Ohio-3363, was not implemented by the trial court.

{¶4} As stated previously, a writ of prohibition involves a claim that a court patently and unambiguously lacks jurisdiction. Jurisdiction is defined as a court's statutory or constitutional power to adjudicate a case. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992. Pursuant to R.C. 2931.03, the court of common pleas possesses subject matter jurisdiction of criminal cases. A court of common pleas possesses jurisdiction in all felony cases. *Click v. Eckle*, 174 Ohio St. 88, 186 N.E.2d 731 (1962). Herein, Judge Sutula, as a sitting judge on the Cuyahoga County Court of Common Pleas, possessed the necessary jurisdiction, in Case Nos. CR-10-544745 and CR-11-552762, to accept Frett's pleas of guilty to the felony offenses of rape (R.C. 2907.02(A)(1)(b)) and abduction (R.C. 2905.02(A)(2)) and to sentence Frett.

{¶5} In addition, the seven arguments raised by Frett fail to establish entitlement to a writ of prohibition because they were either previously raised upon direct appeal and thus barred by the doctrine of res judicata or could have been raised through another remedy at law. Res judicata "involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel)." *Grava v. Parkman Twp.*, 73 Ohio

St.3d 379, 381, 653 N.E.2d 226 (1995). Claim preclusion provides that "'[a] final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction * * * is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.'" *Id.*, quoting *Norwood v. McDonald*, 142 Ohio St. 299, 52 N.E.2d 67 (1943), paragraph one of the syllabus.

**{¶6}** Each one of Frett's seven claims in support of his complaint for a writ of prohibition was raised or could have been raised through a prior appeal or other adequate remedy at law, e.g., postconviction relief or an App.R. 26(B) application for reopening. *State ex rel. Hughley v. McMonagle*, 121 Ohio St.3d 536, 2009-Ohio-1703, 905 N.E.2d 1220; *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107. The following claims were raised and addressed upon direct appeal in *State v. Frett*, 8th Dist. Cuyahoga No. 97538, 2012-Ohio-3363, found to be without merit, and thus barred from further consideration by the doctrine of res judicata: (1) pleas of guilty were not knowing and voluntary; and (2) trial court's refusal to appoint new trial counsel. The claims dealing with ineffective assistance of trial counsel, unfulfilled promises made by the prosecuting attorney, and improper amendment of the indictment should have been raised upon direct appeal, through a motion for postconviction relief, or an application for reopening pursuant to App.R. 26(B).

**{¶7}** The claim of failure to execute a written jury waiver was previously addressed through a complaint for a writ of mandamus and procedendo in *Frett v. State*, 8th Dist. Cuyahoga Nos. 100241 and 100304, 2013-Ohio-5441, and found to be without merit. Thus, the claim of a defective jury waiver is barred from further consideration by the doctrine of res judicata. Finally, this court in *Frett, supra*, did not remand the appeal to the trial court for resentencing.

In fact, this court simply modified Frett's sentence to be consistent with the maximum sentence permitted under R.C. 2929.14, as in effect on the date of the offense.

> The record herein reflects that the trial court intended to impose the maximum penalty on each of the three rape counts, with the terms running consecutive to each other. We accordingly modify Frett's sentence to be consistent with the maximum sentence allowed under the version of R.C. 2929.14 effective on the date of the offense. His sentence is reduced to 10 years on each rape count, to be served consecutively. Frett's fourth assignment of error is sustained. Accordingly, we affirm Frett's conviction, modify his sentence, and we remand the matter to the trial court for the sole purpose of correcting the sentencing entry to comport with our decision herein.

*Frett, supra*, at ¶ 18.

**{¶8}** Frett has failed to establish that the exercise of judicial power by Judge Sutula was unauthorized by law and has also failed to establish that denying his request for a writ of prohibition would result in injury for which no other adequate remedy exists or existed in the ordinary course of the law. *State ex rel. Harsh v. Oney*, 138 Ohio St.3d 192, 2014-Ohio-458, 5 N.E.3d 610. Finally, we deny the request that Frett be declared a vexatious litigator. Frett, at this time, has not engaged in conduct that can be considered frivolous. However, Frett is forewarned that any future attempts to relitigate issues that have been previously raised and addressed upon direct appeal or through an original action, may result in a finding of being a vexatious litigator pursuant to Loc.App.R. 23.

**{¶9}** Accordingly, we grant Judge Sutula's motion for summary judgment. Costs to Frett. The court directs the clerk of courts to serve all parties with notice of this judgment and the date of entry upon the journal as required by Civ.R. 58(B).

**{¶10}** Writ denied.

_____
MARY J. BOYLE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
SEAN C. GALLAGHER, J., CONCUR