The State ex rel. V.K.B. *v.* Smith, Judge, et al.

[Cite as *State ex rel. V.K.B. v. Smith,* 142
Ohio St.3d 469, 2015-Ohio-2004.]

(No. 2014–1319—Submitted February 3, 2015—Decided May 27, 2015.)

**Per Curiam.**

{¶ 1} Relator, V.K.B., asks the court to issue a writ of prohibition against respondents, the Sandusky County Juvenile Court and Juvenile Court Judge Bradley Smith. We grant the writ against the court, but not against Smith, because he had recused himself from the case before this action was filed.

*Background*

{¶ 2} V.K.B. has legal custody of her minor daughter, J.B., and the two reside in Arizona. We considered a related matter in 2013, after Judge Smith granted an ex parte custody motion filed by J.B.'s paternal grandfather. We granted a writ of prohibition against Judge Smith and the Sandusky County Juvenile Court and ordered the court to vacate the orders entered in favor of the grandfather, on the grounds that the courts of Arizona have exclusive jurisdiction over the child and Judge Smith had failed to follow the statutory procedures for exercising emergency jurisdiction. *State ex rel. V.K.B. v. Smith,* 138 Ohio St.3d 84, 2013-Ohio-5477, 3 N.E.3d 1184.

{¶ 3} On December 19, 2013, two days after we announced our decision, J.B.'s grandfather filed a new complaint for custody that is identical to the complaint filed with his earlier ex parte motion for custody. On the same day, Judge Smith issued an entry dismissing the first complaint, pursuant to this court's order, but allowing the new complaint to proceed under case No. 21330357.

{¶ 4} V.K.B. filed a motion to dismiss case No. 21330357 on January 21, 2014. On May 30, 2014, Judge Smith voluntarily recused himself from the case. Retired judge David Allan Basinski was appointed in his place.

{¶ 5} On August 14, 2014, Judge Basinski issued a judgment entry granting the motion to dismiss for lack of jurisdiction. However, in the same entry, he ordered:

Within 10 days of the filing of this entry, or by August 24, 2014, [V.K.B.] will provide Grandfather with an address that he might use to contact [J.B.]. Said address shall be provided to Grandfather via his attorney, Mary Beth Fiser, Esq., PO Box 372, Clyde, Ohio 43410.

In addition, Judge Basinski ordered the Sandusky County Child Support Enforcement Agency to reduce the child-support arrearage owed by J.B.'s father by $2,668.36. According to Judge Basinski, this amount represented payments the father made to the grandfather when he was J.B.'s custodian.

{¶ 6} V.K.B. filed the present complaint for a writ of prohibition against Judge Smith and the Sandusky County Juvenile Court on August 4, 2014, after Judge Smith recused himself but before Judge Basinski dismissed case No. 21330357. We denied a motion to dismiss the case for mootness, and we now address the matter on its merits.

*Analysis*

{¶ 7} Paragraph 7 of Judge Basinski's order, commanding V.K.B. to provide J.B.'s grandfather with a contact address, constitutes a form of relief in his favor that the Sandusky County Juvenile Court had no jurisdiction to grant. The Sandusky County Juvenile Court has never rescinded that order. And on September 9, 2014, the grandfather's attorney sent a letter to V.K.B.'s counsel asking him to provide the address, as ordered by Judge Basinski.

{¶ 8} If a lower court patently and unambiguously lacks jurisdiction over a cause, then prohibition will lie to correct the results of previous unauthorized actions. *State ex rel. Rogers v. Brown*, 80 Ohio St.3d 408, 410, 686 N.E.2d 1126 (1997). We therefore grant a writ of prohibition against the Sandusky County Juvenile Court and order it to rescind the order that V.K.B. provide J.B.'s grandfather with an address.

{¶ 9} We also instruct the Sandusky court to rescind Judge Basinski's order to the child-support-enforcement agency. Respondents have argued that V.K.B. is not entitled to relief in prohibition on this score, because she has an adequate remedy at law to correct any error in the child-support order through the Arizona courts. As a general rule, a party seeking a writ of prohibition must establish that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Vanni v. McMonagle*, 137 Ohio St.3d 568, 2013-Ohio-5187, 2 N.E.3d 243, ¶ 6. However, this rule does not apply when the absence of jurisdiction is patent and unambiguous. " 'Where jurisdiction is patently and unambiguously lacking, relators need not establish the lack of an adequate remedy at law because the availability of alternate remedies like appeal would be immaterial.' " *State ex rel. Harsh v. Oney*, 138 Ohio St.3d 192,

2014-Ohio-458, 5 N.E.3d 610, ¶ 6, quoting *State ex rel. Sapp v. Franklin Cty. Court of Appeals,* 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

{¶ 10} The absence of jurisdiction was patent and unambiguous in this case. We had already issued a definitive opinion on the question. And Judge Basinski conceded the absence of jurisdiction in the very same entry that contained the child-support order. Thus, V.K.B. has established her entitlement to a writ of prohibition ordering the Sandusky County Juvenile Court to rescind the order to the child-support-enforcement agency.

*Conclusion*

{¶ 11} We hereby grant a writ of prohibition against the Sandusky County Juvenile Court. Because Judge Smith recused himself before this action was filed, he is not a proper party to this action.

Writ granted.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

———————

Gerald R. Walton & Associates, Gerald R. Walton, and John J. Schneider, for relator.

Thomas L. Stierwalt, Sandusky County Prosecuting Attorney, and Norman P. Solze, Assistant Prosecuting Attorney, for respondents.