[Cite as *State ex rel. Davic v. Franklin Cty. Court of Common Pleas*, 2023-Ohio-1195.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Bradford S. Davic, | : | |
| Relator, | : | |
| v. | : | No. 22AP-301 |
| Franklin County Court of Common Pleas, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

D E C I S I O N

Rendered on April 11, 2023

---

**On brief:** *Bradford S. Davic*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Brandon Coy Hendrix*, for respondent.

---

IN PROHIBITION
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

LELAND, J.

{¶ 1} Relator, Bradford S. Davic, commenced an original action requesting this court issue a writ of prohibition against respondent, Franklin County Court of Common Pleas, that finds respondent lacked jurisdiction and usurped its authority by imposing a sentence based on a non-existent, unenforceable plea deal. Respondent filed a motion to dismiss and requests this court label relator a vexatious litigator.

**I. Facts and Procedural History**

{¶ 2} On May 24, 2022, relator filed this original action claiming respondent lacked jurisdiction in imposing sentences for importuning, rape, and gross sexual imposition arising out of his 2011 conviction. He contended he did not enter the plea deal knowingly, intelligently, and voluntarily because there was no meeting of the minds on the essential terms. Relator identified these essential terms as: (1) the mandatory consecutive sentences and (2) the lifetime sex offender registration requirement. He now seeks a writ of prohibition to prevent respondent's continued exercise of judicial authority over him.

{¶ 3} On May 31, 2022, respondent filed a motion to dismiss the complaint, asserting relator failed to state a claim upon which relief may be granted under Civ.R. 12(B)(6) and had adequate remedies in the ordinary course of the law. Further citing R.C. 2969.25(B), respondent requests this court subject relator's civil actions filed within the past 12 months to a "vexatious review" to determine whether such actions were frivolous or malicious. Relator filed a reply on June 14, 2022 contesting respondent's motion, arguing the trial court patently and unambiguously lacked jurisdiction and thus rendered inapplicable the availability of such adequate remedies.

{¶ 4} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued the appended decision, including findings of fact and conclusions of law. The magistrate concluded the trial court possessed jurisdiction over relator and determined he had an adequate remedy to contest his sentence by way of appeal. Additionally, the magistrate declined to grant respondent's vexatious review request but warned relator he could be labeled a vexatious litigator under R.C. 2323.52 if he continued filing actions not reasonably grounded in fact or warranted by law. The magistrate recommends this court grant respondent's motion to dismiss relator's complaint for a writ of prohibition.

## II. Objections

{¶ 5} Although relator's objections are no model of clarity, in the interest of justice we will address them "as gleaned" from his memorandum objecting to the magistrate's decision. *State ex rel. Navistar, Inc. v. Indus. Comm.*, 10th Dist. No. 16AP-776, 2017-Ohio-8976, ¶ 25, citing *State ex rel. Turner v. Bunting*, 10th Dist. No. 15AP-605, 2016-Ohio-1325, ¶ 3. We paraphrase the objections to the magistrate's decision as follows: (1) relator contends the magistrate's fourth finding of fact incorrectly frames as an allegation, rather than a fact, the claim that he mistakenly believed the trial court had the discretion to impose concurrent sentences on the four rape charges at the time he agreed to the plea deal, (2) relator argues the magistrate's fifth finding of fact incorrectly frames as an allegation, rather than a fact, the claim that he was not informed of his lifetime requirement to register as a Tier III sex offender at the time he agreed to the plea deal, and (3) relator claims the magistrate erred by focusing the decision on whether he entered the plea deal knowingly, intelligently, and voluntarily rather than on the issue of whether there was a meeting of the minds on all of the plea's essential terms. Relator maintains that without a meeting of the minds on all essential terms, the trial court patently and unambiguously lacked jurisdiction.

{¶ 6}   On November 21, 2022, respondent filed a memorandum contra relator's objections to the magistrate's decision, asking this court to overrule the objections because they do not satisfy the specificity and particularity requirements of Civ.R. 53(D)(3)(b)(ii). Alternatively, respondent asked this court to overrule the objections on the merits and uphold the magistrate's decision to grant the motion to dismiss.

## III.  Analysis

{¶ 7}   In ruling on these objections, we must perform an independent review to ensure the magistrate "properly determined the factual issues and appropriately applied the law."  Civ.R. 53(D)(4)(d).  This court "may adopt or reject a magistrate's decision in whole or in part, with or without modification."  Civ.R. 53(D)(4)(b).  Having conducted an independent review of the matters raised in relator's objections, we find the magistrate properly determined the writ should be denied.

{¶ 8}   This court has original jurisdiction to issue a writ of prohibition.  Ohio Constitution, Article IV, Section 3(B)(1)(d).  The purpose of a writ of prohibition is to restrain inferior courts from exceeding their jurisdiction. *State ex rel. Roush v. Montgomery*, 156 Ohio St.3d 351, 2019-Ohio-932, ¶ 5, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998).  To demonstrate entitlement to a writ of prohibition, a relator must establish all of the following: (1) respondent has exercised or is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will cause injury for which no other adequate remedy exists in the ordinary course of the law.  *Roush* at ¶ 5.  A writ of prohibition is an " 'extraordinary remedy which is customarily granted with caution and restraint, and is issued only in cases of necessity arising from the inadequacy of other remedies.' "  *Tubbs Jones* at 73, quoting *State ex rel. Henry v. Britt*, 67 Ohio St.2d 71, 73 (1981).  *See* Loc.R. 13(C) ("In the absence of extraordinary circumstances, no alternative writ will be issued in an original action, other than a habeas corpus action.").

{¶ 9}   We find meritless the first two objections that contest the magistrate's use of the phrase "relator alleges" in the fourth and fifth findings of fact.  The magistrate's use of the word "alleges" is not intended to imply relator's claims are untrue, but simply to describe what it is relator proposed to be true in his complaint.  The magistrate properly presented the case in the findings of fact and weighed the verity and legal relevance of relator's factual allegations in the conclusions of law.  Accordingly, we overrule the first two objections.

{¶ 10} We also find meritless the third objection that claims the magistrate erred in framing the question of whether relator entered the plea deal knowingly, intelligently, and voluntarily as his primary argument for a writ of prohibition. Relator's own complaint twice asserts the plea deal was invalid because it "was not entered knowingly, intelligently[,] and voluntarily" and "there was no meeting of the minds." (Compl. at 11-13.) The magistrate did not err in addressing arguments relator relied on in his complaint.

{¶ 11} Regardless, the object of relator's third objection is to prove the trial court patently and unambiguously lacked jurisdiction over him at the time of his sentencing. As the magistrate explained, however, a trial court will not patently and unambiguously lack jurisdiction when it has basic statutory authority to act on the matter at hand. We adopt the magistrate's conclusions that the trial court had basic statutory authority to sentence relator and that it therefore did not lack jurisdiction over him. Because the trial court had jurisdiction to sentence relator, a writ of prohibition will not issue absent a showing he had no other adequate remedy in the ordinary course of the law to address the alleged defects of his plea deal. The magistrate did not err in concluding relator had an adequate remedy by way of appeal to challenge any defects in his plea, and for that reason no writ of prohibition may issue. The issues relator raises in his third objection, namely whether there was a sufficient meeting of the minds on all essential terms of the plea deal and whether he entered the plea knowingly, intelligently, and voluntarily, are therefore irrelevant for the issuance of a writ of prohibition because he could have raised both issues on direct appeal from his 2011 sentence. Accordingly, we overrule the third objection.

{¶ 12} Upon review of the magistrate's decision, an independent review of the record, and due consideration of relator's objections, we find the magistrate has properly determined the facts and applied the law. We therefore overrule relator's objections and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. Accordingly, we grant respondent's motion to dismiss and dismiss this action.

*Objections overruled;*
*motion to dismiss granted;*
*action dismissed.*

DORRIAN and BOGGS, JJ., concur.

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Bradford S. Davic, | : | |
| Relator, | : | |
| v. | : | No. 22AP-301 |
| Franklin County Court of Common Pleas, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on October 31, 2022

*Bradford S. Davic,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Brandon Coy Hendrix,* for respondent.

### IN PROHIBITION ON
### RESPONDENT'S MOTIONS TO DISMISS

{¶ 13} Relator, Bradford S. Davic, has filed this original action seeking a writ of prohibition against respondent Franklin County Court of Common Pleas, seeking an order finding that respondent lacked jurisdiction over sentencing and usurped its authority by imposing sentence on a non-existent, unenforceable plea contract. Respondent has filed a motion to dismiss and requests that this court find relator a vexatious litigator.

Findings of Fact:

{¶ 14} 1. Respondent is a trial court of general jurisdiction in Ohio with legal authority over adult felony criminal cases, among other types of cases.

{¶ 15} 2. Relator is a prisoner incarcerated at Trumbull Correctional Institution.

{¶ 16} 3. According to our factual summary in *State v. Davic*, 10th Dist. No. 11AP-555, 2012-Ohio-952 ("*Davic I*"), discretionary appeal not allowed in *State v. Davic*, 132 Ohio St.3d 1482, 2012-Ohio-3334, a Franklin County Grand Jury indicted relator on one count of importuning, 5 counts of rape, and one count of gross sexual imposition in Franklin C.P. No. 10CR-6766. Appellant agreed to plead guilty to 4 of the rape counts and the importuning and gross sexual imposition counts. He signed a guilty plea form indicating that the defense and prosecution were not recommending a sentence. The form also explained that he could receive a maximum sentence of 10 years to life in prison for each rape count, 8 years in prison for the importuning count, and 5 years in prison for the gross sexual imposition count. In addition, it stated that he could receive a maximum total sentence of 53 years to life in prison. The court accepted relator's guilty plea and subsequently sentenced him to 10 years to life in prison on each of the 4 rape counts. The court ordered him to serve the rape sentences consecutively to each other and concurrently to the 8 years in prison on the importuning count and 5 years in prison on the gross sexual imposition count. The total sentence was 40 years to life. Upon relator's appeal in *Davic I*, this court found that (1) relator's guilty plea was valid as it was entered in a knowing, voluntary, and intelligent manner as required by Crim.R. 11(C)(1) and due process guarantees under the state and federal Constitutions, and (2) the trial court did not abuse its discretion in imposing consecutive sentences on rape charges that involved the same conduct.

{¶ 17} 4. In his complaint in the present case, relator alleges that, because relator was subject to mandatory consecutive sentences for the four counts of rape, this would have been an essential term of the plea agreement contract; yet, nowhere in the record is there any indication that a meeting of the minds was reached on this essential term of the contract. Relator alleges there was no mention made of mandatory consecutive sentences in the written plea agreement and no oral notification provided by the trial court during the plea hearing. Relator alleges that he mistakenly believed that the court had the discretion to impose concurrent sentences on the four counts of rape. Thus, alleges relator, the plea agreement was not entered into knowingly, intelligently, and voluntarily.

{¶ 18} 5. In his complaint, relator further alleges that, an essential term of his plea contract was the lifetime registration requirements as a Tier III sex offender, pursuant to R.C. 2950.01(G)(1)(a), resulting from his pleading guilty to rape. However, there was no notification of registration during relator's plea hearing or in his written plea agreement.

Thus, relator alleges, there was no meeting of the minds as to this essential term of the contract, and the plea was not entered into knowingly, intelligently, and voluntarily.

{¶ 19} 6. In his complaint, relator alleges that, because the plea agreement was not enforceable, there existed a total lack of jurisdiction for the court to impose any sentence.

{¶ 20} 7. On May 24, 2022, relator filed his complaint in prohibition.

{¶ 21} 8. On May 31, 2022, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

Conclusions of Law:

{¶ 22} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion to dismiss relator's complaint for writ of prohibition.

{¶ 23} "The purpose of a writ of prohibition is to restrain inferior courts from exceeding their jurisdiction." *State ex rel. Roush v. Montgomery*, 156 Ohio St.3d 351, 2019-Ohio-932, ¶ 5, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 73, (1998). To demonstrate entitlement to a writ of prohibition, a relator must establish that a respondent: (1) has exercised or is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will cause injury for which no other adequate remedy in the ordinary course of the law exists. *Roush* at ¶ 5. *See State ex rel. McKee v. Cooper*, 40 Ohio St.2d 65, 68 (1974) (stating that the "act of holding a hearing to decide whether one convicted of a crime shall be held in confinement or granted parole constitutes an exercise of judicial or quasi-judicial power").

{¶ 24} "[W]here an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction *and to correct the results of previous jurisdictionally unauthorized actions*." *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 98 (1996). Accord *State ex rel. Sartini v. Yost*, 96 Ohio St.3d 37, 2002-Ohio-3317, ¶ 24 (concluding the fact the judge had already exercised judicial power by granting a motion, such did not preclude the opposing party from obtaining a writ of prohibition, as prohibition will lie to correct the results of previous jurisdictionally unauthorized actions).

{¶ 25} A court may dismiss a complaint seeking a writ of prohibition pursuant to Civ.R. 12(B)(6) if, after all factual allegations in the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator could prove no set of facts entitling him or her to the requested extraordinary writ. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Although factual allegations in

the complaint are taken as true, 'unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss.' " *Justice v. Jefferson-Pilot Life Ins.*, 10th Dist. No. 98AP-177 (Dec. 24, 1998), quoting *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324 (1989).

{¶ 26} The magistrate may take judicial notice of the pleadings and orders in related cases when these are not subject to reasonable dispute, at least insofar as they affect the present original action. *State ex rel. Nyamusevya v. Hawkins*, 10th Dist. No. 19AP-199, 2020-Ohio-2690, ¶ 33, citing Evid.R. 201(B); *State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18; and *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8. Furthermore, a court may take judicial notice of pleadings that are readily accessible on the internet. *See Draughon v. Jenkins*, 4th Dist. No. 16CA3528, 2016-Ohio-5364, ¶ 26, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 8, 10 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion); and *Giannelli*, 1 Baldwin's Ohio Practice Evidence, Section 201.6 (3d Ed.2015) (noting that the rule generally precluding a court from taking judicial notice of other cases has been relaxed if the record is accessible on the internet). In addition, courts may take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. *State ex rel. Findlay Publishing Co. v. Schroeder*, 76 Ohio St.3d 580-81 (1996); *Draughon* at ¶ 26 (a court may take judicial notice of appropriate matters, including judicial opinions and public records accessible from the internet, in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment).

{¶ 27} In *State ex rel. Feltner v. Cuyahoga Cty. Bd. of Revision*, 160 Ohio St.3d 359, 2020-Ohio-3080, the Supreme Court of Ohio discussed writs of prohibition, adequate remedies in the ordinary course of law, and the preventive rather than corrective nature of such writs, as follows:

> To be entitled to a writ of prohibition, a relator ordinarily must prove that a lower tribunal is about to exercise judicial or quasi-judicial power without authority and that there is no adequate remedy in the ordinary course of the law. *State ex rel. Sliwinski v. Burnham Unruh*, 118 Ohio St.3d 76, 2008-Ohio-1734, 886 N.E.2d 201, ¶ 7. This standard reflects the well-established rule that prohibition "is a preventive rather than a corrective remedy, and issues only to prevent the commission of a future act, and not to undo an act already

performed." High, Treatise on Extraordinary Legal Remedies, Embracing Mandamus, Quo Warranto and Prohibition, Section 766, at 606 (2d Ed.1884).

* * *

[I]n *State ex rel. Adams v. Gusweiler*, 30 Ohio St.2d 326, 285 N.E.2d 22 (1972), paragraph two of the syllabus, we recognized an exception to the general rule, holding that a writ of prohibition may issue correctively to arrest the continuing effects of an order when there was "a total want of jurisdiction" on the part of the lower tribunal. A few years after *Gusweiler*, we began to associate the exception with the modifying phrase "patent and unambiguous." See *State ex rel. Gilla v. Fellerhoff*, 44 Ohio St.2d 86, 87-88, 338 N.E.2d 522 (1975). We also began using that term with respect to a related exception adopted in *Gusweiler* at 329[,] namely, that the availability of an adequate remedy is immaterial when a tribunal patently and unambiguously lacks jurisdiction. *See, e.g., State ex rel. Koren v. Grogan*, 68 Ohio St.3d 590, 595, 1994-Ohio-327, 629 N.E.2d 446 (1994). Over time, we have issued writs of prohibition to correct the results of unauthorized exercises of authority, notwithstanding the availability of an appeal, if the tribunal patently and unambiguously lacked jurisdiction to enter the judgment at issue. See, e.g., *State ex rel. V.K.B. v. Smith*, 142 Ohio St.3d 469, 2015-Ohio-2004, 32 N.E.3d 452, ¶ 8. * * *

We typically will not hold that a tribunal patently and unambiguously lacked jurisdiction if the tribunal "had at least basic statutory jurisdiction to proceed." *Gusweiler* at 329. Therefore, in prohibition cases involving statutorily created tribunals of limited jurisdiction, we ordinarily ask whether the General Assembly gave the tribunal authority to proceed in the matter at issue. See, e.g., *State ex rel. Goldberg v. Mahoning Cty. Probate Court*, 93 Ohio St.3d 160, 162, 2001-Ohio-1297, 753 N.E.2d 192 (2001); *State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.*, 55 Ohio St.3d 98, 100, 562 N.E.2d 1383 (1990).

{¶ 28} "The term 'jurisdiction' refers to the court's statutory or constitutional authority to hear a case." *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, ¶ 10. "The concept encompasses jurisdiction over the subject matter of a case as well as jurisdiction over the person." *Id.* Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a case. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 23. It is the court's power to hear a case and render a sentence. *See Tubbs Jones.*

The General Assembly has given the common pleas courts original jurisdiction over "all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03. Accordingly, "[j]urisdiction over all crimes and offenses is vested in the court of common pleas, general division, unless such jurisdiction specifically and exclusively is vested in other divisions of the court of common pleas or in the lower courts." *State ex rel. McMinn v. Whitfield*, 27 Ohio St.3d 4, 5 (1986).

{¶ 29} In the present case, respondent presents two arguments. First, respondent asserts that the matter must be dismissed because relator has an adequate remedy in the course of ordinary law by way of appeal. Respondent asserts that relator had the opportunity to raise his arguments concerning the plea agreement on appeal and, indeed, raised issues regarding his sentencing in his multitude of appeals, and they were overruled in each instance. See *Davic I* (affirming relator's convictions and overruling two assigned errors, the first contending his guilty plea was invalid as it was not entered in a knowing, voluntary, and intelligent manner as required by Crim.R. 11(C)(1) and due process guarantees; and the second contending the trial court abused its discretion in imposing consecutive sentences on the rape charges); *State v. Davic*, 10th Dist. No. 15AP-1000, 2016-Ohio-4883, *appeal not accepted* 147 Ohio St.3d 1508, 2017-Ohio-261 (affirming trial court's denial of relator's motion for resentencing); *State v. Davic*, 10th Dist. No. 17AP-354 (Dec. 26, 2017) (memorandum decision) (affirming trial court's denial of appellant's motion to correct judgment entry); *State v. Davic*, 10th Dist. No. 18AP-569, 2019-Ohio-1320, *appeal not accepted*, 156 Ohio St.3d 1478, 2019-Ohio-3148 (affirming trial court's judgment denying appellant's motion to correct sentence); *State v. Davic*, 10th Dist. No. 19AP-579, 2021-Ohio-131, reconsideration denied, 10th Dist. No. 19AP-579 (Apr. 20, 2021) (memorandum decision), *appeal not accepted*, 164 Ohio St.3d 1404, 2021-Ohio-2742 (affirming trial court's judgment denying appellant's Crim.R. 32.1 motion to withdraw guilty plea); *State v. Davic*, 10th Dist. No. 11AP-555 (Oct. 19, 2021) (memorandum decision), *appeal not accepted*, 165 Ohio St.3d 1525, 2022-Ohio-258 (denying appellant's motion for leave to file a delayed application for reconsideration pursuant to App.R. 26(A)); *State v. Davic*, 10th Dist. No. 11AP-555 (Mar. 29, 2022) (memorandum decision) (denying motion for leave to file delayed application for reopening and application for reopening); *Davic v. Warden, Lebanon Corr. Inst.*, S.D.Ohio No. 2:13-cv-736 (Oct. 17, 2014); objection overruled by, adopted by, writ of habeas corpus dismissed *Davic v. Warden, Trumbull*

*Corr. Inst.*, S.D.Ohio No. 2:13-cv-736 (Nov. 12, 2014) (dismissing relator's habeas petition challenging the validity of his guilty plea).

{¶ 30} Here, relator contends that the usual requirement for writs of prohibition that there exists no adequate remedy at law is not applicable here because the trial court patently and unambiguously lacked jurisdiction to enter the sentencing judgment due to his plea not being knowing, intelligent, and voluntary. However, relator presents no authority for the proposition that a trial court patently and unambiguously lacks jurisdiction if a plea is entered into unknowingly, unintelligently, and involuntarily. As the court in *Feltner* explained, a tribunal will not patently and ambiguously lack jurisdiction if the tribunal had at least basic statutory jurisdiction to proceed; thus, in prohibition cases involving statutorily created tribunals of limited jurisdiction, the court must ordinarily ask whether the General Assembly gave the tribunal authority to proceed in the matter at issue.

{¶ 31} In this case, the common pleas court possessed jurisdiction over relator's case pursuant to basic statutory authority. Relator was brought before the common pleas court upon the filing of a valid criminal indictment that alleged that relator had violated several felony statutes. After appellant plead guilty, the trial court proceeded to sentencing. The magistrate cannot conclude that the trial court patently and unambiguously lacked jurisdiction to proceed as it did under these circumstances. Because the trial court did not patently and unambiguously lack jurisdiction and had basic statutory authority to proceed to sentence relator, the exception to the general rule that writs of prohibition cannot issue when there exists an adequate remedy at law does not apply. For these reasons, relator had an adequate remedy at law by way of appeal to contest the voluntariness of his plea agreement. *See, e.g., Birdsall v. Miller*, 7th Dist. No. 13 BE 10, 2013-Ohio-2957, ¶ 7 (petitioner could have raised argument that his plea was not entered into knowingly, intelligently and/or voluntarily in a post-sentence motion to withdraw his no contest plea; thus, petitioner has or had an adequate remedy at law).

{¶ 32} Given the above determination that relator had an adequate remedy at law by way of appeal, and the matter may be dismissed on that basis alone, the second ground raised by respondent in its motion to dismiss, that relator failed to comply with the requirements of R.C. 2969.25, is moot.

{¶ 33} With regard to respondent's request that relator be found a vexatious litigator, the magistrate directs relator's attention to R.C. 2323.52, which authorizes a court to find a party to be a vexatious litigator and impose appropriate sanctions when that party

has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. Vexatious conduct includes conduct of a party in a civil action that is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law. The magistrate is mindful that relator has continuously taxed the limited resources of this court and other courts for over a decade. Further, as discussed generally above, relator has not been successful in his filings. Relator is warned that his continued filing of appeals, original actions, and any other actions that are not reasonably grounded in fact or warranted by law may result in his being declared a vexatious litigator pursuant to R.C. 2323.52.

{¶ 34}  Accordingly, the magistrate recommends that this court grant respondents' motion to dismiss relator's complaint for writ of prohibition.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).